IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

VICTOR RODRIGUEZ,              :
                               :
            Petitioner,        :
                               :
        v.                     :    Civ. Act. No. 16-053-LPS
                               :
DANA METZGER, Warden, and      :
ATTORNEY GENERAL OF THE        :
STATE OF DELAWARE,             :
                               :
            Respondents.[1]    :

---

Victor Rodriguez. *Pro Se* Petitioner.

Kathryn Joy Garrison, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

---

**MEMORANDUM OPINION**

March 25, 2019
Wilmington, Delaware

---

[1] Warden Dana Metzger replaced former Warden David Pierce, an original party to the case. *See* Fed. R. Civ. P. 25(d).

[signature]

STARK, U.S. District Judge:

## I. INTRODUCTION

Pending before the Court is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and Exhibit to Petition (hereinafter referred to as "Petition") filed by Petitioner Victor Rodriguez ("Petitioner"). (D.I. 3; D.I. 6) The State has filed an Answer in Opposition. (D.I. 15) For the reasons discussed, the Court will dismiss the Petition as time-barred.

## II. BACKGROUND

On July 22, 2010, a Delaware Superior Court jury found Petitioner guilty of reckless burning, third degree burglary, two counts of third degree criminal trespass, and three counts of second degree arson. *See Rodriguez v. State*, 109 A.3d 1075, 1077 (Del. 2015). On September 10, 2010, the Superior Court sentenced him as a habitual offender to life in prison for the balance of his natural life for each of his arson convictions, and to one year each at Level V for his burglary and reckless burning convictions. (D.I. 15 at 2) Petitioner appealed, and the Delaware Supreme Court affirmed Petitioner's convictions on November 8, 2011. *See Rodriguez v. State*, 30 A.3d 764, 771 (Del. 2011).

On November 2, 2012, Petitioner filed his first motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 18-11 at 12) The Superior Court denied the Rule 61 motion on April 14, 2014. *See State v. Rodriguez*, 2014 WL 1724778 (Del. Super. Ct. Apr. 14, 2014). Petitioner appealed, and the Delaware Supreme Court affirmed that judgment on January 29, 2015. *See Rodriguez*, 109 A.3d at 1081.

Petitioner filed a § 2254 Petition in January 2016, and then he filed an Exhibit in February 2016 providing further explanation for his arguments. (D.I. 3; D.I. 6) The Petition asserts three claims of ineffective assistance of counsel, along with five other claims asserting that his arrest was

2

without probable cause or a warrant, the police conducted an illegal search and seizure, his speedy trial rights were violated, the prosecutor engaged in misconduct, and there was insufficient evidence to support his convictions. (D.I. 3-1; D.I. 3-3; D.I. 3-4; D.I. 3-5; D.I. 6)

## III. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year limitations period for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Petitioner's § 2254 Petition, filed in 2016, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Petitioner does not allege, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Given these circumstances, the one-year limitations period began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

3

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, Petitioner's judgment of conviction became final on February 7, 2012, ninety days after the Delaware Supreme Court affirmed Petitioner's conviction. Applying the one-year limitations period to that date, Petitioner had until February 7, 2013 to timely file his Petition. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n.3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to anniversary method).

Petitioner filed the instant Petition on January 26, 2016,[2] nearly three years after the expiration of the limitations period. Thus, his Petition is untimely, unless the limitations period can be statutorily or equitably tolled. *See Jones*, 195 F.3d at 158.

## A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly-filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). However, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States

---

[2]Pursuant to the prison mailbox rule, the Court adopts the date of Petitioner's certification of mailing (January 26, 2016) as the date of filing. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003).

4

Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001). In addition, a post-conviction motion that is untimely under state law is not properly filed for § 2244(d)(2) purposes and, therefore, has no statutory tolling effect. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

Here, 268 days of the AEDPA's limitations period lapsed before Petitioner filed his Rule 61 motion on November 2, 2012. The Superior Court denied the motion, and the Delaware Supreme Court affirmed that decision on January 29, 2015. Consequently, Petitioner's Rule 61 motion tolled the limitations period from November 2, 2012 through January 29, 2015.

The limitations clock started to run again on January 30, 2015, and ran the remaining 97 days without interruption until the limitations period expired on May 7, 2015. Thus, even with the applicable statutory tolling, the Petition is time-barred, unless equitable tolling is applicable.

### B. Equitable Tolling

AEDPA's limitations period may be tolled for equitable reasons in appropriate cases. *See Holland*, 560 U.S. at 645. A petitioner can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing;"[3] mere excusable neglect is insufficient. *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited the equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
>
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or

---

[3]*Holland*, 560 U.S. at 648.

5

>(3) where the plaintiff timely asserted his rights mistakenly in the
>wrong forum.

*Jones*, 195 F.3d at 159; *see also Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

To the extent Petitioner's Response to the State's Answer (D.I. 25 at 5) should be liberally construed as an attempt to allege actual innocence as a basis for equitable tolling, it is unavailing. In *McQuiggin v. Perkins*, 569 U.S. 383, 386, 401 (2013), the Supreme Court held that a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. However, the *McQuiggin* Court cautioned that "tenable actual-innocence gateway pleas are rare," and a petitioner only meets the threshold requirement by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386. An actual innocence claim must be based on "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence [] that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Here, Petitioner's bare-bone and unsupported statement of actual innocence does not warrant equitable tolling because it does not assert or constitute new reliable factual evidence of his actual innocence as required by *Schlup*.

Additionally, to the extent Petitioner's untimely filing of the Petition was due to a mistake regarding statutory tolling or the result of a miscalculation regarding the one-year filing period, such factors do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

Based on the foregoing, the Court will dismiss the instant Petition as time-barred.

## V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal

court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition does not warrant relief because it is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons discussed, Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is **DENIED**. An appropriate Order will be entered.